IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MICHAEL J. BATES                                                    PLAINTIFF

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

v.                         CASE NO. *5:15CV43-BRW*

FEB 05 2015

EDWARD JOHNSON INDVIDUALLY AND
EDWARD JOHSON DBA STARLIGHT TOURS;        JAMES W. McCORMACK, CLERK
BENNIE PERSON ASKEW; and                  By:_____
PERCY MURPHY                                                DEP CLERK
                                                           DEFENDANTS

This case assigned to District Judge _____Wilson_____

and to Magistrate Judge _____Volpe_____

NOTICE OF REMOVAL

COMES NOW Defendants Edward Johnson individually and Edward Johnson DBA Starlight Tours, Bennie Person Askew, and Percy Murphy (referred to in the Caption and Plaintiff's Complaint as FNU Murphy), and for this Petition for Removal, state:

1.      That, on or about January 5, 2015, an action was commenced in the Circuit Court of Jefferson County, Arkansas, style <u>Michael J. Bates v. Edward Johnson Individually and Edward Johnson DBA Starlight Tours, Bennie Person Askew, FNU Murphy</u> and was assigned docket number 35CV-15-1-2. In compliance with 28 U.S.C. § 1446(a), true and correct copies of all known process and pleadings filed the Circuit Court Clerk are attached hereto and marked collectively as Exhibit "A";

2.      That the above-described action is a civil action, which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446, in that it is a civil action wherein the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens and/or entities of different states. 28 U.S.C. § 1332(a);

3.      That, therefore this action is one in which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1332;

1

4.     That Defendants' Petition for Removal is being timely filed within thirty (30) days of actual service of the Summons and Complaint on Defendants Edward Johnson and Bennie Person Askew, which occurred separately on January 7, 2015, pursuant to 28 U.S.C. § 1446(b);

5.     That, for diversity purposes, Plaintiff, Michael J. Bates is an individual resident Jefferson County, Arkansas;

6.     That, for diversity purposes, Defendant Edward Johnson is an individual resident of Lexington, Holmes County, Mississippi;

7.     That, for diversity purposes, Defendant Edward Johnson DBA Starlight Tours is not an individual or entity in existence;

8.     That, for diversity purposes, Defendant Bennie Person Askew is an individual resident of Grenada, Grenada County, Mississippi;

9.     That, for diversity purposes, Defendant Percy Murphy is an individual resident of Rosedale, Bolivar County, Mississippi;

10.     That complete diversity exists in this cause;

11.     That, all Defendants agree to removal pursuant to 28 U.S.C. § 1446(b)(2)(a);

12.     That, in compliance with 28 U.S.C. § 1446(d), notice of this removal will be given to the Circuit Court of Jefferson County, Arkansas, as well as to Counsel for Plaintiff, by the filing and service of a Notice of Removal to Federal Court, a copy of which is attached hereto as Exhibit "B";

13.     A true and correct copy of the Notice of Removal is being delivered to the Clerk of the Circuit Court of Jefferson County, Arkansas this date via facsimile.

WHEREFORE, Defendants Edward Johnson Individually and Edward Johnson DBA Starlight Tours, Bennie Person Askew, and Percy Murphy pray the action now pending in the Circuit Court for Jefferson County, Arkansas, be removed therefrom to this Court, and for all other just and proper relief to which they may be entitled.

2

Respectfully submitted,

BARBER LAW FIRM PLLC
Attorneys for Defendants
2700 Regions Center
400 West Capitol Avenue
Little Rock, AR 72201-3414
(501) 372-6175

By: _____
    Breana C. Ott   Mackey AR BIN 14035
    Scott M. Strauss       AR BIN 92009

## **VERIFICATION**

I hereby state under oath that the statements set forth in the foregoing Petition for Removal are true and correct to the best of my knowledge, information, and belief.

_____
Breana Ott Mackey

STATE OF ARKANSAS    )
                    ) ss.
COUNTY OF PULASKI    )

    SUBSCRIBED AND SWORN to before me, the undersigned Notary Public, on this 5th day of February, 2015.

_____
NOTARY PUBLIC

My Commission Expires:

10-15-2022

JULIE L. WESTON
NOTARY PUBLIC
Grant County, Arkansas
My Commission Expires October 15, 2022
Commission # 12390289

## CERTIFICATE OF SERVICE

I, Breana Ott Mackey, hereby certify that on this 5th day of February, 2015 I filed the foregoing with the Clerk of Court who will send notification of such filing to all CM/ECF participating counsel of record and I further certify that I have mailed the document, via U.S. Mail, postage pre-paid, to all non CM/ECF participants listed below:

HUNT LAW FIRM
Eugene Hunt
320 W. Harding Ave.
P.O. Box 9588
Pine Bluff, Arkansas 71611

_____
Breana Ott Mackey
Scott M. Strauss

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

CIVIL DIVISION

MICHAEL J. BATES                                                    PLAINTIFF

v.                                        No. 35CV-19-1-2

EDWARD JOHNSON INDIVIDUALLY AND EDWARD JOHNSON
DBA STARLIGHT TOURS;
BENNIE PERSON ASKEW; AND
FNU MURPHY                                                         DEFENDANTS

<u>PLAINTIFF'S COMPLAINT FOR DAMAGES</u>

Now comes Michael J. Bates through his attorney, Eugene Hunt, and for his complaint for

damages against Defendants Edward Johnson, Bennie Person Askew and First Name Unknown (fnu)

Murphy for negligence states:

I. Parties

1. Michael J. Bates is a resident of Jefferson County, Arkansas.

2. Edward Johnson is a resident of Lexington, Mississippi.

3. Bennie Person Askew is a resident of Grenada, Mississippi.

4. Fnu Murphy's residency is unknown at this time.

5. The acts complained of herein occurred in Champaign County, Illinois.

6. This court has jurisdiction over the parties.

7. Venue properly lies in Jefferson County, Arkansas.

II. Nature of the Action

7. This is an action for personal injury brought by Michael J. Bates, Professor of Music and Director of

the University of Arkansas at Pine Bluff Vesper Choir.

FILED IN MY OFFICE AND SUMMONS
ISSUED AT 8:36 O'CLOCK A M
        JAN - 5 2014        DATE
LAFAYETTE WOODS, SR., CLERK



EXHIBIT
"A"

8. In March 2013, the University of Arkansas at Pine Bluff chartered a bus to transport Michael J. Bates and the University of Arkansas Choir to Chicago, Illinois; Milwaukee, Wisconsin; and Detroit, Michigan to present choral concerts.

9. In March 2013, the University of Arkansas at Pine Bluff entered into contract with Edward Johnson, owner of Starlight Tour to carry Michael J. Bates and the Vesper Choir to Chicago, Illinois and other venues and return to Pine Bluff, Arkansas.

10. a. At all times mentioned herein, Edward Johnson (Johnson) was the owner of Starlight tours.

b. At all times mentioned herein, Bennie Person Askew was an agent and one of the duly authorized drivers of the bus owned by Edward Johnson.

c. At all times mentioned herein, Fnu Murphy (Murphy) was an agent and a duly authorized driver of the tour bus owned by Edward Johnson.

11. At or about 1:56 pm on March 16, 2013, Askew was operating a tour bus owned by Johnson on Interstate 57 North in the State of Illinois with Michael J. Bates and the Vesper Choir as passengers and Fnu Murphy was relief bus operator .46 mile south of mile post 251.

12. At the time and place mentioned herein, Askew fell asleep and drove the bus occupied by the passengers off I-57 into the median in a reckless and negligent manner, which caused a violent collision with a drainage culvert and came to rest in the median between I-57 North and I-57 South.

13. During the course leading up to the bus collision, Fnu Murphy grabbed or grappled with Askew for control of the bus' steering wheel.

14. Plaintiff Michael J. Bates' body was violently thrown and tossed about in the bus during the course of the collision.

15. Defendants owed a duty to Plaintiff to avoid injury to plaintiff by using ordinary care in transporting plaintiff in a safe and careful manner.

2.

16. Defendants breached their duty to transport plaintiff in a safe, careful and non negligent manner.

17. Defendant Edward Johnson's employees and agents were guilty of negligence which was the proximate cause of the above described automobile collision. Such negligent acts included:

    a. Failing to keep the bus under proper control;

    b. Driving at a speed greater than was reasonable and prudent under the circumstances.

18. On several occasions prior to the collision described herein, Defendant Askew, while operating the bus allowed the bus to run into the ribbed portions of the highway.

19. As a proximate result of negligence of the Defendants, Askew and Murphy, which negligence is imputed to the Defendant, Johnson, the Plaintiff, Michael J. Bates was violently battered about inside the said bus and sustained injuries to his spine, right hip, back and shoulders.

20. As a proximate result of the negligence of the defendants, Plaintiff Michael J. Bates, underwent excruciating pain and suffering in the past and will continue to undergo such pain and suffering and mental anguish in the future; has incurred medical expenses in the past and will continue to incur such expenses in the future, all to his damage and requests reasonable compensation for such injuries.

21. As a proximate result of the negligence of the defendants, plaintiff sustained approximately $21,416.82 in necessary medical expenses.

22. As a proximate result of the negligence of defendants, plaintiff has suffered permanent and disabling injuries.

22. As a proximate result of the negligence of Defendant Edward Johnson and his employees  plaintiff has undergone surgery to his back and suffered excruciating pain suffering and mental anguish in such process.

3.

Wherefore, Plaintiff prays that he have judgment against defendants jointly and severally in the amount of $352,000.00 for:

a. Necessary medical expenses;

b. Pain and suffering;

c. Permanent injury; and

d. Compensatory damages.

e. Plaintiff further prays for punitive damages, costs and counsel fees and for all other proper relief.

**RESPECTFULLY SUBMITTED,**

**MICHAEL J. BATES, PLAINTIFF**
**HUNT LAW FIRM**
320 W. Harding Ave
P.O. Box 9588
Pine Bluff, AR 71611
Telephone: (870)534-4460
Facsimile: (870)535-4967

By: _Eugene Hunt_____
Eugene Hunt 72060

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

CIVIL DIVISION

MICHAEL J. BATES                                             PLAINTIFF

v.                              No. 35 CV-15-1-2

EDWARD JOHNSON DBA STARLIGHT TOURS;
BENNIE PERSON ASKEW; AND
FIRST NAME UNKNOWN (FNU) MURPHY                              DEFENDANTS

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO BENNIE PERSON ASKEW**

Come Michael J. Bates, Plaintiff, by and through counsel Eugene Hunt who hereby propounds Plaintiff's
First Requests For Admission to Defendant Bennie Person Askew pursuant to Rule 36, Arkansas Rules of
civil Procedure to be answered in the time and manner prescribed by law.

**INSTRUCTIONS**

As used herein, a singular form of a noun or pronoun shall be considered to include within its

meaning the plural form of the noun or pronoun as used and vice versa.  In similar fashion, the

use of the masculine form of a pronoun shall be considered also to include within its meaning

the feminine form of the pronoun so used and vice versa; also in similar fashion the use of any

tense of the verb shall be considered to include within its meaning all other tenses of the verb

so used.

1.  If objection is made to any request for admission the reasons therefor shall be stated, the

    answer shall specifically deny the matter or set forth in detail the reasons why the answering

    party cannot truthfully admit or deny the matter.

2.  A denial shall fairly meet the substance of the requested admission, and when good faith

    requires that you qualify your answer, or deny only a part of the matter of which an admission is

    requested, you shall specify so much of it as is true and qualify or deny the remainder.

3.  You may not give lack of information or knowledge as a reason for failure to admit or deny

    unless you state you have made reasonable inquiry and that the information known or readily

FILED

JAN - 5 2015

LAFAYETTE WOODS, SR.
Circuit Clerk
JEFFERSON COUNTY, ARKANSAS

obtained by you is sufficient to enable you to admit or deny.  If you consider that a matter of

which an admission has been requested presents a genuine issue for trial, you may not, on that

ground alone, object to the request.

## NOTICE

If you fail to admit the genuineness of any document or the truth of any matter as requested herein, and

if Michael J. Bates  hereafter proves the genuineness of the document or the truth of the

matter, Michael J. Bates may apply to the Court for any order requiring you to pay the

reasonable expenses incurred in making that proof, including reasonable attorneys' fees.

**ADMIT OR DENY**

**REQUEST FOR ADMISSION NO.** 1. Admit that on March 16, 2013 you allowed the bus that you were

operating to run into the ribbed portion of the left lane of traffic immediately prior to the accident

described in Exhibit 1.

**REQUEST FOR ADMISSION NO.** 2. Admit That on march 16, 2013, you allowed the bus to run into the

ribbed portion of the right lane on several occasions prior to the accident described in Exhibit 1.

**REQUEST FOR ADMISSION NO.** 3. Admit That you and fnu Murphy wrestled or grappled with the

steering Wheel of the bus immediately prior to the crash or accident sued upon herein.

**REQUEST FOR ADMISSION NO.** 4. Admit that exhibit 1 attached is an accurate account of the accident

sued upon herein.

RESPECTFULLY SUBMITTED,

MICHAEL J. BATES, PLAINTIFF

*Eugene Hunt*

EUGENE HUNT 72060

P.O. Box 9588

320 W. Harding Avenue

PINE BLUFF, AR 71611

TELE. 870-534-4460

FAX   870-535-4967

Email: eugenehunt

The foregoing requests for admission were attached to the Complaint and Summons for service upon Edward Johnson.

# ILLINOIS TRAFFIC CRASH REPORT

Sheet 1 of 11 Sheets

*2350151*

| INVESTIGATING AGENCY | TYPE OF REPORT | AGENCY CRASH REPORT NO. | TRFW |
|---|---|---|---|
| ILLINOIS STATE POLICE | 1 On-scene | 10-13-00207 | 3 |

| ADDRESS NO. | HIGHWAY or STREET NAME | | |
| | I-57 NORTH | LUDLOW TWP | DATE OF CRASH 03/16/2013 | TIME OF CRASH 01:56 PM |

MILE POST 251
COUNTY CHAMPAIGN

**Unit 1**

NAME OF DRIVER: ASKEW BENNIE PERSON — 07/09/1938
STREET ADDRESS: 442 MARGIN ST
GRENADA, MS 38901

MAKE: VanHool   MODEL: Charter Bus   YEAR: 2001
VIN: YE2TC12B912044504

DRIVER LICENSE NO.: 800169496   STATE: MS   CLASS: B
TELEPHONE: (662) 227-9037

VEHICLE OWNER: JOHNSON, EDWARD
OWNER ADDRESS: 8464 EBENEZER RD, LEXINGTON, MS, 39095
INSURANCE CO.: Nova Casualty Company
TELEPHONE: (662) 834-4608   POLICY NO.: NECGL00102210

| UNIT | SEAT | DOB | SEX | | | INJ | EJCT | PASSENGERS & WITNESSES ONLY (NAME, ADDR, TEL) | HOSP | EMS |
|---|---|---|---|---|---|---|---|---|---|---|
| | | 06/10/1992 | F | | | B | 1 | AUSTIN JASMINE N, 2720 KENWOOD DRIVE, PINE BLUFF, AR 71603, (870) 718-1601 | Provena | Pro |
| | | 09/15/1989 | M | | | B | 1 | BROWN CHRISTOPHER G, 644 NONCONNAH, MEMPHIS, TN 38109, (901) 679-9616 | Carle | Pro |
| | | 11/06/1997 | F | | | B | 1 | STEWART LAUREN A, 6712 KENWELL, DALLAS, TX 75209, (214) 980-9032 | Carle | Arrow |
| | | 12/25/1947 | M | | | B | 1 | BATS MICHAEL J, 3903 LINCOLN GREEN DRIVE, PINE BLUFF, AR 71603, (870) 489-0046 | Carle | Arrow |
| | | 03/22/1992 | M | | | C | 1 | HOWARD STEVEN DOUGLAS, 2401 W 31ST APT 54, PINE BLUFF, AR 71603, (501) 413-6474 | Refused | Pro |

| | | POSTED SPEED LIMIT |
|---|---|---|

ARREST NAME: ASKEW BENNIE PERSON
SECTION: Imp lane usage/laned roadway
CITATION NO.: 7746208

ARREST NAME: ASKEW BENNIE PERSON
SECTION: 18b103 Motor Carrier Safety
CITATION NO.: 7746209
DATE NOTIFIED: 03/19/2013   TIME NOTIFIED: 01:56 PM

| OFFICER ID | SIGNATURE | BEAT / DIST | SUPERVISOR ID | COURT DATE | COURT TIME |
|---|---|---|---|---|---|
| 5452 | | 10 | | 04/19/2013 | 09:00 AM |

SR 1050 JANUARY 2009 (MCB)

PLAINTIFF'S EXHIBIT
1

| ISP-5452-20130316-141251 | DIAGRAM |
|---|---|



**I-57 North .46 miles south of MP 251**

Not to Scale

Drain        24'

**NARRATIVE (Refer to vehicle by Unit No.)**

Unit 1 was traveling north on I-57 approximately .46 miles south of milepost 251. The driver of Unit 1 stated he had fallen asleep. Unit 1 left the roadway to the left and entered the median. The driver of Unit 1 came to and was able to keep Unit 1 from entering the southbound lanes. Unit 1 continued north in the median. Unit one went over a drainage culvert and eventually came to a rest in the center of the median.

The bus was occupied by 54 people, the driver, co-driver and 52 other passengers. Five people sustained injuries as a result of the crash. One person refused further medical treatment on scene and the remaining 4 were taken to local hospitals, where they were treated and released.

**LOCAL USE ONLY**  Nothing

| U1 Color: White | U1 Towed By / To: Road Ready Inc / Road Ready Inc |
|---|---|

---

**COMMERCIAL VEHICLE**    Unit 1

| CARRIER NAME | SOURCE | |
|---|---|---|
| EDWARD JOHNSON/STARLIGHT TOURS | x | SIDE OF TRUCK |
| ADDRESS 8464 EBENEZER RD | | PAPERS |
| | | DRIVER |
| CITY LEXINGTON, MS  STATE  ZIP  39095 | | LOG BOOK |

| ID Number: | | GVWR | 52000 |
|---|---|---|---|
| USDOT 857925 | ICCMC | | |
| OR State No. | State Name MS | None | |

| HAZARDOUS MATERIALS | PLACARDED ? | No |
|---|---|---|
| IF YES: 4 DIGITS | 1 DIGIT | Name |

| HAZARDOUS CARGO RELEASED FROM TRUCK? | N |
|---|---|
| VIOLATION OF HAZMAT REGS. CONTRIBUTE TO CRASH? | N |
| VIOLATION OF MCS REGS CONTRIBUTE TO CRASH? | Y |
| INSPECTION FROM COMPLETED? | |

| | | | FORM NO. |
|---|---|---|---|
| HAZMAT | N | OUT OF SERVICE? | N | |
| MCS | Y | OUT OF SERVICE? | Y | IL3326003152 |

| IDOT PERMIT# | WideLoad | |
|---|---|---|
| TRAILER WIDTH(S) | TRAILER LENGTH(S) | Vehicle Length |
| TRAILER 1 | TRAILER 1 | Total - Ft  60 |
| TRAILER 2 | TRAILER 2 | No Of Axles  3 |
| Vehicle Configuration  1 | Cargo Body Type  1 | LoadType |

---

**COMMERCIAL VEHICLE**

| CARRIER NAME | SOURCE | |
|---|---|---|
| | | SIDE OF TRUCK |
| ADDRESS | | PAPERS |
| | | DRIVER |
| CITY  STATE  ZIP | | LOG BOOK |

| ID Number: | GVWR |
|---|---|
| USDOT | ICCMC |
| OR State No. | State Name | None |

| HAZARDOUS MATERIALS | PLACARDED ? |
|---|---|
| IF YES: 4 DIGITS | 1 DIGIT | Name |

| HAZARDOUS CARGO RELEASED FROM TRUCK? | |
|---|---|
| VIOLATION OF HAZMAT REGS. CONTRIBUTE TO CRASH? | |
| VIOLATION OF MCS REGS CONTRIBUTE TO CRASH? | |
| INSPECTION FROM COMPLETED? | |

| | | FORM NO. |
|---|---|---|
| HAZMAT | OUT OF SERVICE? | |
| MCS | OUT OF SERVICE? | |

| IDOT PERMIT# | WideLoad | |
|---|---|---|
| TRAILER WIDTH(S) | TRAILER LENGTH(S) | Vehicle Length |
| TRAILER 1 | TRAILER 1 | Total - Ft |
| TRAILER 2 | TRAILER 2 | No Of Axles |
| Vehicle Configuration | Cargo Body Type | LoadType |

ISP-5452-20130316-141251 | DIAGRAM

# NO DIAGRAM

**NARRATIVE (Refer to vehicle by Unit No.)**

Unit 1 was traveling north on I-57 approximately .46 miles south of milepost 251. The driver of Unit 1 stated he had fallen asleep. Unit 1 left the roadway to the left and entered the median. The driver of Unit 1 came to and was able to keep Unit 1 from entering the southbound lanes. Unit 1 continued north in the median. Unit one went over a drainage culvert and eventually came to a rest in the center of the median.

The bus was occupied by 54 people, the driver, co-driver and 52 other passengers. Five people sustained injuries as a result of the crash. One person refused further medical treatment on scene and the remaining 4 were taken to local hospitals, where they were treated and released.

**LOCAL USE ONLY**

---

**COMMERCIAL VEHICLE**

CARRIER NAME

ADDRESS

CITY                STATE        ZIP

ID Number:                                          GVWR
USDOT                              ICCMC
OR State No.              State Name              None

SOURCE
SIDE OF TRUCK
PAPERS
DRIVER
LOG BOOK

**HAZARDOUS MATERIALS              PLACARDED ?**
IF YES: 4 DIGITS        1 DIGIT        Name

HAZARDOUS CARGO RELEASED FROM TRUCK?

 VIOLATION OF HAZMAT REGS. CONTRIBUTE TO CRASH?

 VIOLATION OF MCS REGS CONTRIBUTE TO CRASH?

 INSPECTION FROM COMPLETED?

 HAZMAT                OUT OF SERVICE?
 MCS                   OUT OF SERVICE?

FORM NO.

IDOT PERMIT#                    WideLoad

| TRAILER WIDTH(S) | TRAILER LENGTH(S) | Vehicle Length |
|---|---|---|
| TRAILER 1 | TRAILER 1 | Total - Ft |
| TRAILER 2 | TRAILER 2 | No Of Axles |
| Vehicle Configuration | Cargo Body Type | LoadType |

**COMMERCIAL VEHICLE**

CARRIER NAME

ADDRESS

CITY                STATE        ZIP

ID Number:                                          GVWR
USDOT                              ICCMC
OR State No.              State Name              None

SOURCE
SIDE OF TRUCK
PAPERS
DRIVER
LOG BOOK

**HAZARDOUS MATERIALS              PLACARDED ?**
IF YES: 4 DIGITS        1 DIGIT        Name

HAZARDOUS CARGO RELEASED FROM TRUCK?

 VIOLATION OF HAZMAT REGS. CONTRIBUTE TO CRASH?

 VIOLATION OF MCS REGS CONTRIBUTE TO CRASH?

 INSPECTION FROM COMPLETED?

 HAZMAT                OUT OF SERVICE?
 MCS                   OUT OF SERVICE?

FORM NO.

IDOT PERMIT#                    WideLoad

| TRAILER WIDTH(S) | TRAILER LENGTH(S) | Vehicle Length |
|---|---|---|
| TRAILER 1 | TRAILER 1 | Total - Ft |
| TRAILER 2 | TRAILER 2 | No Of Axles |
| Vehicle Configuration | Cargo Body Type | LoadType |

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

CIVIL DIVISION

MICHAEL J. BATES                                             PLAINTIFF

v.                          No. 35 CV-15-1-2

EDWARD JOHNSON DBA STARLIGHT TOURS;
BENNIE PERSON ASKEW; AND
FIRST NAME UNKNOWN (FNU) MURPHY                             DEFENDANTS

## PLAINTIFF'S INTERROGATORIES TO EDWARD JOHNSON

Comes Michael J. Bates, Plaintiff, by and through counsel, Eugene Hunt, who hereby propounds the

following First Interrogatories to Edward Johnson, Defendant, pursuant to Rule 33 of the Arkansas Rules

of Civil Procedure to be answered under oath in the time and manner prescribed by law.

**INTERROGATORY NO.** 1. What is the full name and address of bus driver first name unknown (Fnu)

Murphy who was with Bennie Person Askew on March 16, 2013 on the UAPB Vesper Choir charter when

the bus crashed into the median March 16, 2013 on I-57 in Illinois?

**INTERROGATORY NO.** 2. How long had Bennie Askew been employed by you at the time of the crash

March 16, 2013 on I-57 in Illinois.

**INTERROGATORY NO**. 3. How long had fnu Murphy been employed by you at the time of the crash

March 16, 2013 on I-57 in Illinois.

RESPECTFULLY SUBMITTED,

MICHAEL J. BATES, PLAINTIFF

FILED

JAN - 5 2015

LAFAYETTE WOODS, SR.
Circuit Clerk
JEFFERSON COUNTY, ARKANSAS

*Eugene Hunt*

**EUGENE HUNT 72060**

**P.O. BBOX 9588**

**320 W. Harding Ave**

**PINE BLUFF, AR 71611**

**870-534-4460**

**870-535-4967**
eugenehunt2000@yahoo.com

The foregoing  interrogatories were attached to the Complaint and Summons for service upon Edward Johnson.

*Eugene Hunt*

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

CASE No.    CV-2015- 35-15-1-2

MICHAEL J. BATES                                    PLAINTIFF

v.

EDWARD JOHNSON,

INDIVIDUALLY AND AS OWNER OF

STARLIGHT TOURS;

BENNIE PERSON ASKEW; AND

FNU MURPHY                                          DEFENDANTS

PROOF OF SERVICE

Comes Eugene Hunt as counsel to Plaintiff Michael J. Bates and states the following:

Suit was filed in this case on January 5, 2015. Summons was issued upon the Complaint commanding Edward Johnson and Bennie Person Askew to file an answer within thirty (30) days or default judgment would be taken. Edward Johnson was served with summons and complaint with interrogatories and requests for admission on January 7, 2015 by certified mail number 7013 1710 0001 7054 7206. Exhibit A. Bennie Person Askew was served with summons and complaint with interrogatories and requests for admission on January 7, 2015 by certified mail number 7013 1710 0001 7046 1779. Exhibit B.

Further the affiant sayeth not.

EUGENE HUNT ABA #72060

P.O. BOX 9588

320 W. Harding Ave

PINE BLUFF, AR 71611

TELE: 870-534-4460

FAX: 870-535-4967

Eugenehunt2000@yahoo.com

Subscribed and Sworn to before me a Notary Public On this 13 day of Jan 2015.

NOTARY PUBLIC

MY COMMISSIONH EXPIRES:

10-1-2015

FILED

JAN 1 3 2015

LAFAYETTE WOODS, SR.
Circuit Clerk
JEFFERSON COUNTY, ARKANSAS

**Since 1972**

**Eugene Hunt**
**Attorney At Law**
**320 W. Harding Ave.**
**P.O. Box 9588**
**Pine Bluff, AR  71603**
eugenehunt2000@yahoo.com

**Tele: 870-534-4460**
**Fax   870-5354967**

December 31, 2014

CMRRR NO. 7013 1710 0001 7054 7206

Edward Johnson
8464 Ebenezer Road
Lexington, MS 39095

CMRRR NO. 7013 1710 0001 7046 1779

Bennie Person Askew
442 Margin Street
Grenada, MS 38901

> Re: Michael J. Bates v. Edward Johnson, et al
> Jefferson Circuit No. Civ. 35-15-1-2

Dear Messrs. Johnson and Askew:

Herewith find enclosed Complaint and Summons, interrogatories and requests for admission. the complaint must be answered within 30 days of receipt or default judgment will be taken against you. The interrogatories and requests for admission must be responded to within 45 days of receipt. You have the right to consult counsel in connection with this matter. Should you have any questions, please call your lawyer. Do not call this office.

Sincerely,

Eugene Hunt

EH/
Enclosures as indicated

EX. A

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Edward Johnson
8464 Ebenezer Road
Lexington, MS 39095

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Edward Johnson_ ☐ Agent ☐ Addressee

B. Received by (Printed Name)
Edward Johnson

C. Date of Delivery
1-7-15

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

33 Weathers LN
Lexington, MS 39095

3. Service Type
☐ Certified Mail® ☐ Priority Mail Express™
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7013 1710 0001 7054 7206

PS Form 3811, July 2013      Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | | |
|---|---|---|
| Postage | $0.91 | 0324 |
| Certified Fee | $3.30 | 04 |
| Return Receipt Fee (Endorsement Required) | $2.70 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $6.91 | 01/05/2015 |

Edward Johnson
8464 Ebenezer Rd
Lexington, MS 39095

PS Form 3800, August 2006      See Reverse for Instructions

---

EX. B

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bennie Person Askew
442 Margin St
Grenada, MS 38901

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Verda Askew_ ☒ Agent ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
1/7/15

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☒ No

3. Service Type
☐ Certified Mail® ☐ Priority Mail Express™
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)
7013 1710 0001 7046 1779

PS Form 3811, July 2013      Domestic Return Receipt

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | | |
|---|---|---|
| Postage | $0.91 | 0324 |
| Certified Fee | $3.30 | 04 |
| Return Receipt Fee (Endorsement Required) | $2.70 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ $6.91 | 01/05/2015 |

Bennie Person Askew
442 Margin St
Grenada, MS 38901

PS Form 3800, August 2006      See Reverse for Instructions

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
CIVIL DIVISION

MICHAEL J. BATES                                                    PLAINTIFF

v.                          CASE NO. 35CV-15-1-2

EDWARD JOHNSON INDVIDUALLY AND
EDWARD JOHSON DBA STARLIGHT TOURS;
BENNIE PERSON ASKEW; and
FNU MURPHY                                                          DEFENDANTS

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Comes, Defendants Edward Johnson, individually and Edward Johnson DBA Starlight Tours, Bennie Person Askew, and Percy Murphy (previously identified in Plaintiff's Complaint for Damages as FNU Murphy) by and through their attorneys Barber Law Firm PLLC and for their Answer to Plaintiff's Complaint for Damages state:

1.      Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint for Damages ("Plaintiff's Complaint) and therefore deny the same.

2.      Defendants admit the allegations contained in Paragraphs 2 and 3 of Plaintiff's Complaint.

3.      It does not appear the allegations contained in Paragraph 4 of Plaintiff's Complaint require a response, however to the extent a response is required, Defendants deny said allegations.

4.      Defendants admit there was an accident in Champaign County, Illinois, but deny any remaining allegations contained in Paragraph 5 of Plaintiff's Complaint.

5.      Defendants deny the allegations contained in Paragraphs 6 and the first numbered paragraph 7 of Plaintiff's Complaint.

FILED

FEB -4 2015

LAFAYETTE WOODS, SR.
Circuit Clerk
JEFFERSON COUNTY, ARKANSAS

1

6.      Defendants admit an action was filed by Micheal J. Bates for personal injury, however Defendants are without sufficient information or knowledge to admit or deny the remaining allegations contained in the second numbered Paragraph 7 and therefore deny the same.

7.      Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore deny the same.

8.      Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore deny the same.

9.      Defendants deny the allegations contained in subparagraph a of Paragraph 10 of Plaintiff's Complaint.

10.     Defendants deny the allegations contained in subparagraphs b and c of Paragraph 10 of Plaintiff's Complaint.

11.     In response to Paragraph 11 of Plaintiff's Complaint Defendants admit Askew was operating a bus on Interstate 57 North in the State of Illinois at or about 1:56pm on March 16, 2013 with Micheal J. Bates and the Vesper Choir as passengers, but deny the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Defendants admit the bus came to rest in the median between I-57 North and I-57 South but deny the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Defendants deny the allegations contained in Paragraph 17 (including subparts a and b) of Plaintiff's Complaint.

18.     Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendants deny the allegations contained in the first numbered Paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny the allegations contained in the second numbered Paragraph 22 of Plaintiff's Complaint.

24.     All remaining allegations not specifically admitted herein above are denied.

26.     Defendants affirmatively plead Edward Johnson is not DBA Starlight Tours and is therefore not a proper party to this suit.

26.     Defendants affirmatively plead Bennie Person Askew never drove a bus owned by Edward Johnson, individually or DBA Starlight Tours.

27.     Defendants have had no opportunity to conduct discovery and only a limited opportunity to investigate this matter.  Therefore, Defendants affirmatively plead the following defenses:

      a.     lack of jurisdiction over the subject matter;

      b.     lack of jurisdiction over the person of the defendant;

      c.     improper venue;

      d.     insufficiency of process;

      e.     insufficiency of service of process;

      f.     failure to state facts or a claim upon which relief can be granted;

      g.     failure to join a necessary party; and

      h.     pendency of another action between the same parties arising out of the same transaction or occurrence.

Defendants specifically plead each of those defenses found in Rule 12 of the Arkansas Rules of Civil Procedure.

28.     To the extent Plaintiff's Complaint alleges a cause of action for punitive damages, Defendants request a bifurcated proceeding pursuant to Arkansas Code Annotated §16-55-211.

29.     Defendants state that Plaintiff is not entitled to an award of punitive damages and that any award of punitive damages against  Defendants would be unconstitutional as violative of the Double Jeopardy Clause of the Fifth Amendment, U.S. Const. Amend. V; the Excessive Fines Clause of the Eighth Amendment, U.S. Const. Amend. VIII; and the Due Process Clause of the Fourteenth Amendment, U.S. Const. Amend. XIV.

30.     Defendants state that Plaintiff is not entitled to an award of punitive damages and that any award of punitive damages against Defendants would be unconstitutional as violative of the Excess Fines Clause, Ark. Const. Art. 2, § 9, and the Due Process Clause, Ark. Const. 2, §8.

31.     This Defendant specifically pleads all affirmative defenses available to it under The Civil Justice Reform Act of 2003, Arkansas Code Annotated §16-55-201, et seq. and the Uniform Contribution Among Tortfeasor's Act, Act 315 of the Acts of Arkansas for 1941 as amended.

32.     In addition to the affirmative defenses pled elsewhere, Defendants affirmatively plead the following:

        a.     accord and satisfaction;

        b.     arbitration and award;

        c.     comparative fault;

        d.     discharge in bankruptcy;

        e.     duress;

        f.     estoppel;

        g.     exclusiveness of remedy under workman's compensation law;

        h.     failure of consideration;

        i.     fraud;

        j.     illegality;

k.      injury by fellow servant;

l.      laches;

m.     lack of standing;

n.      license;

o.      payment;

p.      release;

q.      res judicata;

r.      set-off;

s.      statute of fraud;

t.      statute of limitations; and

u.      waiver.

Specifically, Defendants affirmatively plead each of the defenses found in Rule 8 of the Rules of Civil Procedure.

33.    Defendants specifically reserve the right to plead further.

34.    Defendants request a trial by jury.

WHEREFORE, premises considered, Defendants, Edward Johnson, individually and Edward Johnson DBA Starlight Tours, Bennie Person Askew, and Percy Murphy, prays that Plaintiff's Complaint for Damages be dismissed, for their costs, attorneys' fees and for all other jury and proper relief to which they may be entitled.

Respectfully submitted,

BARBER LAW FIRM PLLC
Attorneys for Defendants
2700 Regions Center
400 West Capitol Avenue
Little Rock, AR 72201-3414
(501) 372-6175

By: _____

    Breana C. Ott Mackey      AR BIN 14035
    Scott M. Strauss         AR BIN 92009

## CERTIFICATE OF SERVICE

On this ___ day of February, 2015, a true and correct a copy of the above pleading was faxed, e-mailed, and sent via U.S. Regular mail to:

HUNT LAW FIRM
Eugene Hunt
320 W. Harding Ave.
P.O. Box 9588
Pine Bluff, Arkansas 71611

_____
Breana C. Ott Mackey
Scott M. Strauss

7

IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
CIVIL DIVISION

MICHAEL J. BATES                                                           PLAINTIFF
v.                                          CASE NO. 35CV-15-1-2
EDWARD JOHNSON INDVIDUALLY AND
EDWARD JOHSON DBA STARLIGHT TOURS;
BENNIE PERSON ASKEW; and
FNU MURPHY                                                               DEFENDANTS

## NOTICE OF REMOVAL TO FEDERAL COURT

TO:     Lafayette Woods, SR
        Jefferson County Circuit Clerk
        Jefferson County Court House
        101 W. Barraque St.
        Pine Bluff, Arkansas 71611

        Eugene Hunt
        Hunt Law Firm
        320 W. Harding Avenue
        P.O. Box 9588
        Pine Bluff, Arkansas 71611

You are hereby notified that on this 5th day of February, 2015, a Notice of Removal of this

cause from the Circuit Court of Jefferson County, Arkansas was filed in the United States District Court,

Eastern District of Arkansas, Pine Bluff Division.  A copy of said Notice is attached hereto and marked as

Exhibit "A".

                        Respectfully Submitted,

                        BARBER LAW FIRM PLLC
                        Attorneys for Defendants
                        2700 Regions Center
                        400 W. Capitol Avenue
                        Little Rock, Arkansas 72201-3414
                        (501) 37?6175
                        By: _____
                            Breana Ott Mackey      ARBIN 14035
                            Scott M. Strauss        ARBIN 92009



## CERTIFICATE OF SERVICE

On this 5ᵗʰ day of February, 2015 a true and correct copy of the above pleadings was sent via U.S. Regular Mail, postage pre-paid to:

HUNT LAW FIRM
Eugene Hunt
320 W. Harding Ave.
P.O. Box 9588
Pine Bluff, AR  71611

Breana Ott Mackey
Scott M. Strauss