IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS

CIVIL DIVISION

MICHAEL J. BATES                                                          PLAINTIFF

v.                              No. 35CV-15-1-2

EDWARD JOHNSON INDIVIDUALLY AND EDWARD JOHNSON
DBA STARLIGHT TOURS;
BENNIE PERSON ASKEW; AND
FNU MURPHY                                                                DEFENDANTS

PLAINTIFF'S COMPLAINT FOR DAMAGES

Now comes Michael J. Bates through his attorney, Eugene Hunt, and for his complaint for damages against Defendants Edward Johnson, Bennie Person Askew and First Name Unknown (fnu) Murphy for negligence states:

I. Parties

1. Michael J. Bates is a resident of Jefferson County, Arkansas.

2. Edward Johnson is a resident of Lexington, Mississippi.

3. Bennie Person Askew is a resident of Grenada, Mississippi.

4. Fnu Murphy's residency is unknown at this time.

5. The acts complained of herein occurred in Champaign County, Illinois.

6. This court has jurisdiction over the parties.

7. Venue properly lies in Jefferson County, Arkansas.

II. Nature of the Action

7. This is an action for personal injury brought by Michael J. Bates, Professor of Music and Director of the University of Arkansas at Pine Bluff Vesper Choir.

EXHIBIT "A"

FILED IN MY OFFICE AND SUMMONS ISSUED AT 8:36 O'CLOCK A M
JAN - 5 2015    DATE
LAFAYETTE WOODS, SR., CLERK

8. In March 2013, the University of Arkansas at Pine Bluff chartered a bus to transport Michael J. Bates and the University of Arkansas Choir to Chicago, Illinois; Milwaukee, Wisconsin; and Detroit, Michigan to present choral concerts.

9. In March 2013, the University of Arkansas at Pine Bluff entered into contract with Edward Johnson, owner of Starlight Tour to carry Michael J. Bates and the Vesper Choir to Chicago, Illinois and other venues and return to Pine Bluff, Arkansas.

10. a. At all times mentioned herein, Edward Johnson (Johnson) was the owner of Starlight tours.

   b. At all times mentioned herein, Bennie Person Askew was an agent and one of the duly authorized drivers of the bus owned by Edward Johnson.

   c. At all times mentioned herein, Fnu Murphy (Murphy) was an agent and a duly authorized driver of the tour bus owned by Edward Johnson.

11. At or about 1:56 pm on March 16, 2013, Askew was operating a tour bus owned by Johnson on Interstate 57 North in the State of Illinois with Michael J. Bates and the Vesper Choir as passengers and Fnu Murphy was relief bus operator .46 mile south of mile post 251.

12. At the time and place mentioned herein, Askew fell asleep and drove the bus occupied by the passengers off I-57 into the median in a reckless and negligent manner, which caused a violent collision with a drainage culvert and came to rest in the median between I-57 North and I-57 South.

13. During the course leading up to the bus collision, Fnu Murphy grabbed or grappled with Askew for control of the bus' steering wheel.

14. Plaintiff Michael J. Bates' body was violently thrown and tossed about in the bus during the course of the collision.

15. Defendants owed a duty to Plaintiff to avoid injury to plaintiff by using ordinary care in transporting plaintiff in a safe and careful manner.

16. Defendants breached their duty to transport plaintiff in a safe, careful and non negligent manner.

17. Defendant Edward Johnson's employees and agents were guilty of negligence which was the proximate cause of the above described automobile collision. Such negligent acts included:

    a. Failing to keep the bus under proper control;

    b. Driving at a speed greater than was reasonable and prudent under the circumstances.

18. On several occasions prior to the collision described herein, Defendant Askew, while operating the bus allowed the bus to run into the ribbed portions of the highway.

19. As a proximate result of negligence of the Defendants, Askew and Murphy, which negligence is imputed to the Defendant, Johnson, the Plaintiff, Michael J. Bates was violently battered about inside the said bus and sustained injuries to his spine, right hip, back and shoulders.

20. As a proximate result of the negligence of the defendants, Plaintiff Michael J. Bates, underwent excruciating pain and suffering in the past and will continue to undergo such pain and suffering and mental anguish in the future; has incurred medical expenses in the past and will continue to incur such expenses in the future, all to his damage and requests reasonable compensation for such injuries.

21. As a proximate result of the negligence of the defendants, plaintiff sustained approximately $21,416.82 in necessary medical expenses.

22. As a proximate result of the negligence of defendants, plaintiff has suffered permanent and disabling injuries.

22. As a proximate result of the negligence of Defendant Edward Johnson and his employees plaintiff has undergone surgery to his back and suffered excruciating pain suffering and mental anguish in such process.

3.

Wherefore, Plaintiff prays that he have judgment against defendants jointly and severally in the amount of $352,000.00 for:

a. Necessary medical expenses;

b. Pain and suffering;

c. Permanent injury; and

d. Compensatory damages.

e. Plaintiff further prays for punitive damages, costs and counsel fees and for all other proper relief.

RESPECTFULLY SUBMITTED,

MICHAEL J. BATES, PLAINTIFF
HUNT LAW FIRM
320 W. Harding Ave
P.O. Box 9588
Pine Bluff, AR 71611
Telephone: (870)534-4460
Facsimile: (870)535-4967

By: _Eugene Hunt_
Eugene Hunt 72060